Almodovar v New York City Hous. Auth. (2019 NY Slip Op 08129)





Almodovar v New York City Hous. Auth.


2019 NY Slip Op 08129


Decided on November 12, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2019

Acosta, P.J., Renwick, Manzanet-Daniels, Singh, JJ.


10309 20632/14

[*1] Felicida Almodovar, Plaintiff-Appellant,
v
New York City Housing Authority, Defendant-Respondent, Christian Camacho, Defendant. 
[And a Third Party Action]


Alpert, Slobin & Rubenstein, LLP, Bronx (Morton Alpert of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Patrick J. Lawless of counsel), for respondent.



Order, Supreme Court, Bronx County (Llinet M. Rosado, J.), entered on or about October 24, 2018, which granted the motion of defendant New York City Housing Authority (NYCHA) for summary judgment dismissing the complaint as against it, unanimously reversed, on the law, without costs, and the motion denied.
Plaintiff alleges that while returning to NYCHA's building after walking her dog, she was bitten by an unleashed pit bull owned by defendant, Christian Camacho, who also lived in the building; third-party defendant Antonio Camacho was with the pit bull at the time of the attack. To hold a defendant landlord liable for injuries sustained in a dog bite incident, the plaintiff must establish the landlord's knowledge of the dog's presence, and its vicious propensities (see e.g. Suriel v New York City Hous. Auth., 294 AD2d 101 [1st Dept 2002]). Knowledge of vicious propensities may be established by proof of prior acts of a similar kind of which the defendant had notice (see Collier v Zambito, 1 NY3d 444, 446 [2004]).
Here, viewing the evidence in the light most favorable to plaintiff as the nonmoving party, the record presents triable issues of fact regarding NYCHA's notice of the dog's presence and its vicious propensities. NYCHA's manager at the subject building testified that NYCHA had no knowledge of prior dog bite incidents. However, NYCHA's internal records show that a dog bite occurred at the building about three months prior to the attack on plaintiff. While that internal document does not identify the dog or its owner involved in the prior attack and NYCHA's manager stated that NYCHA does not keep records of complaints involving vicious animals, plaintiff testified that she had seen third-party defendant with the dog on several prior
occasions, and that the dog acted aggressively (compare Ortiz v New York City Hous. Auth., 105 AD3d 652 [1st Dept 2013], lv denied 22 NY3d 855 [2013]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 12, 2019
CLERK